MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail:  blandsberg@manatt.com
BRAD W. SEILING (Bar No. CA 143515)
E-mail:  bseiling@manatt.com
ANDREW H. STRUVE (Bar No. CA 200803)
E-mail:  astruve@manatt.com
LUKE L. PUNNAKANTA (Bar No. CA 293488)
E-mail:  lpunnakanta@manatt.com
11355 West Olympic Boulevard
Los Angeles, California  90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

PETRULLO LLP
JOHN P. PETRULLO (Bar No. CA 134074)
E-mail:  john@petrullollp.com
222 N. Sepulveda Blvd., Suite 806
El Segundo, California 90245
Telephone:  (213) 627-0400
Facsimile:  (213) 627-0402

*Attorneys for Defendants*
HCR Manor Care Services, LLC, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAROLD MAC RAE, by and through his Successor in Interest, Heather Watters,<br><br>              Plaintiff,<br><br>       vs.<br><br>HCR MANOR CARE SERVICES, LLC; ET AL.,<br><br>              Defendants. | No.   8:14-cv-00715-DOC-RNB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:  December 18, 2017<br>Time:  8:30 a.m.<br>Judge:  David O. Carter<br>Courtroom: 9D<br><br>Date Filed:  March 12, 2014<br>Date Removed:  May 8, 2014<br>Trial Date:  January 8, 2019 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 18, 2017, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable David O. Carter, in Courtroom 9D, located at 411 West Fourth Street, Santa Ana, California, defendants Manor Care of Citrus Heights CA, LLC and Manor Care of Hemet CA, LLC will and hereby do move the Court for an order dismissing and/or striking the Third Amended Complaint ("TAC") filed by plaintiff Thomas Harold MacRae, by and through his successor in interest, Heather Watters ("Plaintiff"), with prejudice.[1]

Specifically, this motion seeks dismissal of the TAC with prejudice pursuant to Federal Rule of Civil Procedure Section 12(b)(6), and in the alternative 12(f), on the ground that it fails to state a claim as a matter of law against Manor Care of Citrus Heights CA, LLC and Manor Care of Hemet CA, LLC.

Moreover, HCR Manor Care Services, LLC and Manor Care of Fountain Valley CA, LLC move under Federal Rule of Civil Procedure 12(f) for an order striking Plaintiff's allegations against Manor Care of Palm Desert CA, LLC; Manor Care of Sunnyvale CA, LLC; Manor Care – Tice Valley CA, LLC; and Manor Care of Walnut Creek CA, LLC. Allegations against unnamed parties are irrelevant to Plaintiff's claims against the named defendants.

On October 25, 2017, counsel for Defendants met and conferred by phone with counsel for Plaintiff to discuss the substance of this motion pursuant to Central District Local Rule 7-3. Following that call, the parties exchanged multiple emails outlining their respective positons and seeking to avoid motion practice. Most recently, counsel for Defendants proposed that Plaintiff file a motion for leave to file an amended complaint adding the two new named plaintiffs, subject to the

---

[1] To the extent the Court construes Plaintiff's TAC as asserting claims against Manor Care of Palm Desert CA, LLC; Manor Care of Sunnyvale CA, LLC; Manor Care – Tice Valley CA, LLC; and Manor Care of Walnut Creek CA, LLC, those entities also join in this motion.

1  following conditions: (1) Defendants would reserve the right to make any

2  substantive challenge to the new plaintiffs' claims; (2) the limitations period for the

3  new plaintiffs' claims would run from the date of their filing of the amended

4  complaint; their claims would not relate back to the date of the filing of the original

5  complaint; and (3) discovery would be limited to the three facilities at which the

6  named plaintiffs resided.  The parties were unable to resolve their differences.

7      This motion will be based on this notice of motion, the attached

8  memorandum of points and authorities, all other pleadings and papers filed in this

9  action, and any argument that may be presented to the Court prior to or at the

10  hearing on the motion.

11  Dated:  November 13, 2017     Respectfully submitted,

12        MANATT, PHELPS & PHILLIPS, LLP

13        By:  /s/  Brad W. Seiling

14          Brad W. Seiling
        *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     <u>INTRODUCTION AND PROCEDURAL BACKGROUND</u>

This Court has now three times dismissed all claims against the facilities at which Plaintiff Thomas Harold MacRae ("Plaintiff" or "MacRae") did not reside, holding that Plaintiff lacks standing to sue entities with which he had no dealings. *See* Dkt. No. 25 at p. 6, Dkt. No. 37 at pp 11-13, Dkt. No. 74 at pp. 7-9 (the "Dismissal Order"). The Court's most recent order granted without prejudice Manor Care's motion to dismiss the Sister Facilities[2] on the ground that the alter ego allegations were insufficient for Plaintiff to assert claims against these facilities. The Court did not grant Plaintiff leave to amend his complaint to add new parties. But that is exactly what MacRae has done in his Third Amended Complaint ("TAC"). His alter ego allegations are unchanged, and for that reason, the Court should dismiss all other facilities than Manor Care of Fountain Valley CA, LLC ("Fountain Valley") with prejudice and strike MacRae's alter ego allegations from the complaint.

Recognizing that he cannot allege facts to establish alter ego liability against the Sister Facilities, MacRae has tried a new gambit, adding two new plaintiffs who resided in two of the Sister Facilities—Manor Care of Citrus Heights CA, LLC ("Citrus Heights") and Manor Care of Hemet CA, LLC ("Hemet")—after MacRae filed the original complaint. This is improper. It is well settled that amendments to a pleading that fall outside the scope of a court's prior grant of leave—as Plaintiff's TAC does here—must be dismissed. This rule applies equally to the unauthorized addition of claims or parties. Accordingly, the Court should dismiss the new plaintiffs and the facilities they sue from this case.

If the two new plaintiffs wish to bring suit against the facilities in which they allegedly resided, they must file new actions. But Plaintiff cannot simply

---

[2] The "Sister Facilities" are Manor Care of Citrus Heights CA, LLC; Manor Care of Hemet CA, LLC; Manor Care of Palm Desert CA, LLC; Manor Care of Sunnyvale CA, LLC; Manor Care – Tice Valley CA, LLC; and Manor Care of Walnut Creek CA, LLC.

1   piggyback on the Court's prior narrow grant of leave and add new parties into the
2   case. The TAC should be dismissed against Citrus Heights and Hemet on this
3   basis.

4           Finally, by not amending his alter ego allegations, Plaintiff appears to have
5   abandoned that theory of liability, despite the fact that leave to replead that theory
6   was the only basis upon which this Court permitted amendment in the first place.
7   But to the extent he does not concede that theory, it fails for the same reasons as it
8   did before, as the Court has held on three prior occasions.

9   **II.     LEGAL ARGUMENT**

10          **A.      Claims Asserted by the Two New Plaintiffs Should Be Dismissed
11                    And/Or Stricken.**

12          Plaintiff cannot circumvent the Court's Dismissal Order by adding two
13  additional plaintiffs. When a court grants leave to amend to cure certain specified
14  deficiencies, amendments outside the scope of the court's order should be
15  dismissed or stricken. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-
16  LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010). This rule applies equally
17  to the unauthorized addition of claims or parties. *See, e.g., Wehlage v. EmpRes
18  Healthcare Inc.*, 821 F. Supp. 2d 1122, 1125-26 (N.D. Cal. 2011)(striking claims
19  alleged by new plaintiffs added to amended complaint because original plaintiff had
20  not moved for leave to amend); *Kennedy v. Full Tilt Poker*, No. CV 09-07964
21  MMM AGRX, 2010 WL 3984749, at *1-3 (C.D. Cal. Oct. 12, 2010)(stating that
22  court previously struck amended complaint because plaintiffs failed to seek leave to
23  add new claims or defendants); *Andrew W. v. Menlo Park City Sch. Dist.*, No. C-
24  10-0292 MMC, 2010 WL 3001216, at *2 (N.D. Cal. July 29, 2010)(holding that
25  new claims should be stricken because prior order did not grant leave to add new
26  claims); *Serpa v. SBC Telecommunications, Inc.*, No. C 03-4223 MHP, 2004 WL
27  2002444, at *3 (N.D. Cal. Sept. 7, 2004)(striking plaintiff's new damages
28  allegations pursuant to Rule 12(f) because such claims fell outside the scope of the

court's prior order granting leave to amend).[3]  Put another way, MacRae cannot use new plaintiffs in an effort to state a claim against the defendants already dismissed from this case by the Court.

*Wehlage*, a case of which this Court has recognized the application in prior dismissal orders, once again is directly on point.  In that case, plaintiff brought claims against both the skilled nursing facility in which she resided and other skilled nursing facilities with which she never had dealings.  *Wehlage*, 821 F. Supp. 2d at 1125.  Defendants moved to dismiss.  *Id.*  The district court granted defendants' motion to dismiss with leave to amend on some issues, and without leave on others, including the dismissal of one group of skilled nursing facility entities, the "Evergreen Entities," on the ground that plaintiff had failed adequately to plead any agency or alter ego theory of liability against those defendants.  *Id.* Plaintiff amended the complaint by, as here, adding new named plaintiffs who allegedly resided at the Evergreen Entities' facilities.  *Id.* at 1124.  The district court rejected this tactic, holding that under Rule 15(a)(1), plaintiff had 21-days after service of her complaint or service of defendants' motion to dismiss to amend her complaint as a matter of course, plaintiff had not done so, and so she could not amend her pleading to include claims asserted by new plaintiffs without first moving for leave to amend.  *Id.* at 1125-26.  Truly, history has repeated itself.

Likewise, in *DeLeon*, plaintiff—without seeking leave to amend—asserted new claims in his FAC after the court issued an order allowing only for limited amendment.  *DeLeon,* 2010 WL 4285006, at *3.  In dismissing plaintiff's claims

---

[3] Many other courts are in accord.  *See, e.g., Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016)(same); *Dilley v. C.R. Bard, Inc.*, No. 2:14-CV-01795-ODW, 2014 WL 2115233, at *4 (C.D. Cal. May 21, 2014)(same); *Adams v. United of Omaha Life Ins. Co.*, No. SACV12969JSTJPRX, 2013 WL 12114060, at *4 (C.D. Cal. Aug. 14, 2013)(same); *Mazed v. JPMorgan Chase Bank, N.A.*, No. SACV11814JSTMLGX, 2013 WL 12129384, at *10 (C.D. Cal. Feb. 13, 2013)(same); *Crane v. Yarborough*, No. CV 05-8534 DSF JC, 2012 WL 1067965, at *13 n.14 (C.D. Cal. Feb. 6, 2012), report and recommendation adopted, No. CV 05-8534 DSF JC, 2012 WL 1067956 (C.D. Cal. Mar. 29, 2012)(same).

1   for failure to state a claim under Rule 12(b)(6), the district court held that, "in cases

2   like this one, . . .  where leave to amend is given to cure deficiencies in certain

3   specified claims, courts have agreed that new claims alleged for the first time in the

4   amended pleading should be dismissed or stricken." *Id*.  Because the court's order

5   "was limited in scope, [] Plaintiffs were therefore required to seek leave of the

6   Court before adding new claims." *Id*.

7          Similarly, in this case, the Court granted Plaintiff leave to amend in one

8   respect only:  to attempt to allege, now for a fourth time, facts to show that the

9   Sister Facilities were the alter egos of HCR Manor Care Services, LLC ("Manor

10  Care") or Fountain Valley.  The Court did not grant Plaintiff carte blanche to file

11  entirely new claims on behalf of new plaintiffs against two of the Sister Facilities,

12  which should be out of this case.  There is simply no authority permitting Plaintiff

13  to do what he is trying to do.  Plaintiff's unauthorized amendments should be

14  dismissed for failure to state a claim and/or stricken.  *See* Fed. R. Civ. P. 12(b)(6) &

15  12(f).[4]

16       **B.    Plaintiff Makes no Attempt to Bolster His Alter Ego Allegations,**
            **Which Still Fail to State a Claim Against Citrus Heights and**
17          **Hemet.**

18         Plaintiff appears to have abandoned his alter ego theory against Citrus

19  Heights and Hemet.  The alter ego allegations in the TAC are substantively

20  identical to those in the Second Amended Complaint ("SAC"), a tacit concession

21  that further leave to amend would be futile.  In the Dismissal Order, the Court noted

22  that Plaintiff had done the same with his agency theory of liability in his SAC:  "By

23  not amending allegations dismissed as inadequate, Plaintiff appears to have

24  abandoned his agency theory."  Dkt. No. 74 at p. 11.  So too here, Plaintiff has not

25
26  [4] Because the two new plaintiffs are not properly parties to this case, Defendants do
    not here address the merits of their claims and reserve the right to do so in the
27  future, including on the ground that these new plaintiffs allegedly resided in their
    respective facilities years after Plaintiff resided in his, and they cannot relate their
28  claims against Citrus Heights and Hemet back to the date of filing of the original
    complaint, in an attempt to extend the class period against those two defendants.

amended his alter ego allegations against Citrus Heights and Hemet, which the Court has three times dismissed as inadequate.  Dkt. No. 25 at p. 6, Dkt. No. 37 at pp 11-13, Dkt. No. 74 at pp. 7-9.  Plaintiff has, accordingly, abandoned this theory of liability.

In an abundance of perhaps unnecessary caution, defendants again assert that, to the extent Plaintiff has not abandoned his alter ego theory of liability against Citrus Heights and Hemet, the alter ego allegations that the Court previously found deficient remain so for the same reasons.

Plaintiff's fundamental problem remains that he cannot bring claims against facilities in which he did not reside.  California Health & Safety Code Section 1430(b) provides, in pertinent part, that "*a current or former resident or patient of a skilled nursing facility* . . . may bring a civil action against the licensee of a facility who violates any rights of the resident or patient . . . ."  Cal. Health & Saf. Code § 1430(b) (emphasis added).  Therefore, to assert a claim under Section 1430(b), an individual must have been a "resident or patient" of a particular "skilled nursing facility," and the only proper defendant is the licensee of the particular facility that allegedly violated the resident's rights.  *See also Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 783 (N.D. Cal. 2011)("Absent allegations that she suffered injury fairly traceable to the [parent's] or [other facilities'] conduct, Plaintiff lacks standing to bring claims against them.")  Likewise, California's Consumers Legal Remedies Act ("CLRA") provides that actions may be brought only by a consumer "*who suffers any damage as a result of* the use or employment . . . of a method, act, or practice declared to be unlawful . . . ."  Cal. Civ. Code § 1780(a) (emphasis added).  Under the CLRA, a plaintiff cannot act as a private attorney general, enforcing any alleged statutory violation or alleged improper or unfair business practice.  *See, e.g.*, *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754 (2003) ("This language [of section 1780(a)] does not create an automatic award of statutory damages upon proof of an unlawful act . . . .")

1   Thus, because Plaintiff cannot bring either of his claims directly against the
2   Sister Facilities, he must rely on an alter ego theory.  And the Court has three times
3   rejected that theory on substantively identical allegations, most recently in the
4   Dismissal Order by reasoning through three steps.

5   First, Delaware alter ego law applies.  Under California Corporations Code
6   Section 17708.01, the alter ego liability of a limited liability company is determined
7   by the law of the state in which the company was formed.  *Wehlage v. EmpRes*
8   *Healthcare Inc.*, 821 F. Supp. 2d 1122, 1128-29 (N.D. Cal. 2011).  Here, Hemet
9   and Citrus Heights are organized under Delaware law, and so Delaware alter ego
10  law applies.  Dkt. No. 44-2 at Exs. A, C.  This Court held that Delaware law applies
11  in the September 14, 2017 Dismissal Order.  Dkt. No. 74 at pp. 4-5.

12  Second, also as the Court previously held, Rule 9(b) applies to Plaintiff's
13  alter ego allegations because he brings a claim under the CLRA, which is grounded
14  in fraud.  Dkt. No. 74 at pp. 5-6; *see also Kearns v. Ford Motor Co*., 567 F.3d
15  1120, 1125 (9th Cir. 2009).

16  Finally, Plaintiff's alter ego allegations against Hemet and Citrus Heights fail
17  to allege alter ego liability under Delaware law, under Rule 9(b).  Delaware's alter
18  ego law looks to: "(1) whether the entities in question operated as a single
19  economic entity, and (2) whether there was an overall element of injustice or
20  unfairness." *Cougentakis v. Strategic Media I, LLC*, No. 13CV8361, 2014 WL
21  5809798, at *5 (S.D.N.Y. Nov. 4, 2014) (applying Delaware law and citing *NetJets*
22  *Aviation, Inc. v. LHC Communications, LLC*, 537 F.3d 168, 176–77 (2d Cir.
23  2008)).  Delaware applies the "single entity test," requiring that the corporation and
24  its subsidiaries operated as a single economic entity, along with an additional
25  element of fraudulent intent.  *See Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521,
26  528 (D. Del. 2008).  Under the single entity test, the Third Circuit considers seven
27  factors in determining whether a corporation operated as a single economic entity:
28  (1) gross undercapitalization; (2) failure to observe corporate formalities; (3) non-

1   payment of dividends; (4) insolvency of the debtor corporations at the time;

2   (5) siphoning of the corporation's funds by the dominant stockholder; (6) absence

3   of corporate records; and (7) whether the corporation is merely a facade. *See*

4   *United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981).

5        Here, as before, Plaintiff cannot meet this difficult standard for several

6   reasons.  As this Court held on substantively identical allegations, Plaintiff does not

7   allege that the Sister Facilities have any control at all over Fountain Valley, the only

8   entity with which Plaintiff actually had any dealings.  Plaintiff's allegations of

9   control all run from Manor Care downstream to the facilities, not horizontally from

10  one facility to another.  Further, Plaintiff does not allege that the Sister Facilities

11  exist for no other purpose than as a vehicle for fraud.  There is no allegation that

12  any of the Sister Facilities "siphoned" funds from any of the others.

13       The Court has now three times held that Plaintiff failed to plead alter ego

14  liability against Citrus Heights and Hemet on substantively identical allegations and

15  should do so again here.  Dkt. No. 25 at p. 6, Dkt. No. 37 at pp 11-13, Dkt. No. 74

16  at pp. 7-9.  Plaintiff's failure to even attempt corrective action by amendment is a

17  clear admission that no further amendment is warranted.

18  **C.**    **Plaintiff's Allegations Against the Other Sister Facilities Should**
19         **Be Stricken as Irrelevant.**

20       Plaintiff does not name Manor Care of Palm Desert CA, LLC; Manor Care of

21  Sunnyvale CA, LLC; Manor Care – Tice Valley CA, LLC; and Manor Care of

22  Walnut Creek CA, LLC as defendants in his TAC.  As the Dismissal Order already

23  dismissed them from the case with leave to amend, and Plaintiff did not so amend,

24  they are no longer parties to the litigation.  Despite this, Plaintiff devotes roughly

25  ten pages of his TAC to allegations against these entities.  *See, e.g.*, TAC at ¶¶ 40-

26  43, 48-50, 65-68.  These lengthy allegations against unnamed parties are irrelevant

27  to Plaintiff's claims against the named defendants and only cause confusion of the

28  issues.  Accordingly, these allegations should be stricken from the TAC.  *See* Fed.

R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993), rev'd on other grounds in 510 U.S. 517 (holding that district court properly struck seven pages of allegations that could not form the basis of plaintiff's claims as a matter of law and that would cause "serious risks of prejudice [], delay, and confusion of the issues.")

### III.  <u>CONCLUSION</u>

Plaintiff's flouting of the Court's Dismissal Order is contrary to the law. Plaintiff cannot simply assert claims against the two Sister Facilities by adding new plaintiffs without leave.  Plaintiff's claims against the two Sister Facilities, and the claims of the new plaintiffs, should be dismissed under Fed. R. Civ. P. 12(b)(6) or, in the alternative, stricken under Fed. R. Civ. P. 12(f).  And because Plaintiff's own alter ego allegations against Citrus Heights and Hemet are identical to those the Court has found deficient before, Plaintiff's claims against defendants other than Fountain Valley and Manor Care should be dismissed entirely, with prejudice.

Dated:  November 13, 2017          Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP


By:  /s/  Brad W. Seiling
         Brad W. Seiling
         *Attorneys for Defendants*

319401258.3