MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail: blandsberg@manatt.com
BRAD W. SEILING (Bar No. CA 143515)
E-mail: bseiling@manatt.com
ANDREW H. STRUVE (Bar No. CA 200803)
E-mail: astruve@manatt.com
LUKE L. PUNNAKANTA (Bar No. CA 293488)
E-mail: lpunnakanta@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

PETRULLO LLP
JOHN P. PETRULLO (Bar No. CA 134074)
E-mail: john@petrullollp.com
222 N. Sepulveda Blvd., Suite 806
El Segundo, California 90245
Telephone: (213) 627-0400
Facsimile: (213) 627-0402

*Attorneys for Defendants*
HCR Manor Care Services, LLC, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAROLD MAC RAE, by and through his Successor in Interest, Heather Watters,<br><br>Plaintiff,<br><br>vs.<br><br>HCR MANOR CARE SERVICES, LLC; ET AL.,<br><br>Defendants. | No. 8:14-cv-00715-DOC-RNB<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date: December 18, 2017<br>Time: 8:30 a.m.<br>Judge: David O. Carter<br>Courtroom: 9D<br><br>Date Filed: March 12, 2014<br>Date Removed: May 8, 2014<br>Trial Date: January 8, 2019 |

## I. INTRODUCTION

MacRae's opposition does not justify his unilateral attempt to add two new plaintiffs to this case without leave of Court. Adding the new plaintiffs does not cure the defects raised in Manor Care's previous motion to dismiss. As MacRae concedes, the question the Court addressed in its most recent dismissal order was "whether or not *Plaintiff* has standing to sue Defendants other than Manor Care Fountain Valley defendants." (Dkt. 78 at pp. 3-4 (emphasis added).) The Court granted leave to amend "to cure the defect in the pleading with respect to *Plaintiff Harold MacRae's standing* to sue the 'sister facilities.'" (*Id.* at p. 2 (emphasis added).) The two new plaintiffs have claims separate and distinct from MacRae's, and they will have to establish their own standing to sue based on claims that allegedly arose in facilities in which they resided but MacRae never did. None of the cases cited in the opposition justifies MacRae's procedural gambit.

Further, MacRae concedes, *sub silentio*, that he has abandoned his alter ego theory of liability against the Sister Facilities. Manor Care pointed out this abandonment in its opening brief, and MacRae makes no response. With no basis to keep those defendants in the litigation, *MacRae's* claims against these entities should be dismissed with prejudice, regardless of whether other plaintiffs might be able to sue these facilities.

Finally, MacRae does not address Defendants' motion to strike the alter ego allegations. Given the absence of any attempt at opposition, these allegations should be stricken.

Defendants respectfully request that the Court grant their motion in full.

## II. ARGUMENT

### A. MacRae Cannot Add New Parties Without Leave.

MacRae again cites no authority allowing him to add new parties, without leave, to bring claims that he lacks standing to bring. Instead, he attempts to

distinguish a long line of cases holding that plaintiffs may not do exactly what he is trying to do, and he raises two red herring arguments.

MacRae's attempt to distinguish *Wehlage v. EmpRes Healthcare Inc.*, 821 F. Supp. 2d 1122 (N.D. Cal. 2011) is unavailing. MacRae argues that unlike in *Wehlage*, the Court here earlier dismissed the Sister Facilities without prejudice. (Dkt. No. 78 at p. 4.) The relevant passage of *Wehlage*, however, does not base its holding on—or even mention—whether the other facilities were earlier dismissed with or without prejudice. *Wehlage*, 821 F. Supp. 2d at 1125-26. Instead, *Wehlage* held that "[p]laintiff was not granted leave to add new parties to her action," but she did so anyway. *Id.* That is precisely what has happened here. MacRae concedes that he was "granted leave to amend to cure the defect in the pleading with respect to *Plaintiff Harold MacRae's standing* to sue the 'sister facilities.'" (Dkt. No. 78 at p. 2 (emphasis added).) Adding new plaintiffs does not cure *Mr. MacRae's* standing to sue the Sister Facilities. In other words, MacRae was not granted leave to add new parties to his action, but he did so anyway.

Nor can MacRae distinguish the nine other cases cited in Defendants' motion, all of which stand or the straightforward proposition that when plaintiffs receive leave to amend a complaint in only certain limited ways, they may not amend in other ways without obtaining further leave. (Dkt. No. 77 at pp. 2-3.) In opposition, MacRae attempts to limit the holding of these cases, arguing that they involve plaintiffs who attempted to add new causes of action or defendants, not plaintiffs who tried to add other plaintiffs. But that is a distinction without a difference—Rule 15(a), upon which these cases are based, applies to amendments generally. *See, e.g.*, *Dilley v. C.R. Bard, Inc.*, No. 2:14-CV-01795-ODW, 2014 WL 2115233, at *4 (C.D. Cal. May 21, 2014) (citing Fed. R. Civ. Pro 15(a)). And if this long line of cases did not apply to the addition of new plaintiffs, then *Wehlage* would have been decided differently. In any event, the new plaintiffs do have different claims than MacRae. As this Court has held in response to multiple

motions to dismiss, MacRae lacks standing to sue facilities in which he never resided. So the new plaintiffs' claims against these two facilities are in fact new claims.

MacRae's two new arguments also do not save the complaint from dismissal. First, he argues that when a class representative's claims become moot, courts should allow substitution of a new named plaintiff, primarily citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003). *Lierboe*, however, mandates dismissal, not addition of new plaintiffs. In *Lierboe*, the Ninth Circuit held that because a named plaintiff "had no … claim from the outset of her litigation[,]" the case was "not a mootness case, in which substitution or intervention might have been possible[.]" *Id*. at 1023. Instead, the Ninth Circuit remanded to the district court with instructions to dismiss. *Id*. Here too, MacRae had no claim against the Sister Facilities from the outset of his litigation, as the Court has held numerous times, and so substitution and intervention do not apply. A claim becomes moot when, in the course of litigation, factual circumstances have *changed*. Here, nothing changed: MacRae's claims against the Sister Facilities have *never* stated a claim in this case, as evidenced by this Court's prior rulings on prior motions to dismiss, to that very effect. And again, if substitution did apply on these facts, *Wehlage* would have been decided differently.[1]

Second, MacRae argues that even if his addition of two new plaintiffs is improper, the Court should allow it anyway in the interests of judicial economy.

---

[1] MacRae's other cases are likewise distinguishable and involved either plaintiffs who initially had standing, or other entirely irrelevant scenarios. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) (plaintiff had standing then was served with a Rule 68 offer of judgment); *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006) (analyzing whether CAFA jurisdiction existed where original class action complaints were filed before enactment of CAFA, but amendments adding new plaintiffs were filed after); *Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (allowing substitution at class certification, where plaintiff purchased one of defendant's at-issue products but not others); *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 5384760 (N.D. Cal. Dec. 22, 2008) (distinguishing *Lierboe* because plaintiff initially had live claims).

But "judicial economy considerations cannot make up for an absence of constitutional standing." *Neal v. NaturalCare, Inc.*, No. EDCV 12-0531-DOC OPX, 2014 WL 346639, at *4 (C.D. Cal. Jan. 30, 2014) (J. Carter) (citing *Lierboe* and noting the *Lierboe* Court was "mindful of judicial economy" when it "forc[ed] a certified class to begin anew.")  Here, as the Court has held numerous times, MacRae lacks standing to sue the Sister Facilities. (*See, e.g.*, Dkt. No. 25 at p. 6 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).)  Judicial economy cannot replace constitutional standing against the Sister Facilities by a proper plaintiff.  And of course, this "judicial economy" argument, if accepted, would allow a plaintiff to bypass seeking leave to amend on each and every occasion amendment is desired, regardless of whether amendment is properly to be had, or not.  MacRae's "judicial economy" argument is merely an assertion of a perceived entitlement to cut corners.

Thus, MacRae's amended complaint is improper.  The two new plaintiffs may file their own lawsuits, which may or may not be related or consolidated with this case.  Or MacRae may move for leave to amend to add the new class representatives.  That the new plaintiffs resided in their facilities years after MacRae resided in his suggests that their cases are distinct from MacRae's and should be litigated separately. (*Compare* Dkt. No. 25 at p. 1 (noting MacRae resided at Fountain Valley in October 2013) *with* Dkt. No. 77 at ¶¶ 3-4.)  But MacRae may not skip steps and do what he has tried to do here, under a long line of cases.

### B.   MacRae Appears to Have Abandoned His Alter Ego Allegations.

MacRae does not appear to argue that his alter ego allegations regarding the Sister Facilities, which are substantively identical to the allegations dismissed earlier, are sufficient to state a claim.  Rather, he argues that the Court should "not disturb its prior order" dismissing the Sister Facilities *without* prejudice, in case class representatives who resided at those facilities might later be added to the case.

(Dkt. No. 78 at pp. 3, 6-7.) He argues that leave to amend should be denied only where there is no chance the complaint could be saved by amendment, and here there is a chance MacRae might find other class representatives. But MacRae's only authority involved a plaintiff whose *own claims* might have been saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (reversing dismissal with prejudice where plaintiff might have repled allegations of falsity in more detail). Here, on the other hand, MacRae cannot (and has made no attempt to) save his own claims by amendment. When a court gives a party leave to amend to cure a pleading defect but the plaintiff chooses not to do so, dismissal with prejudice is proper. *Zacharias v. U.S. Bank N.A.*, No. 14-02186 SC, 2014 WL 4100705, at *4 (N.D. Cal. Aug. 20, 2014) (dismissal with prejudice is proper where plaintiff "ignored the Court's prior instructions" regarding amendment). Moreover, what MacRae really wants is an open ticket for further amendment at some indeterminate future date, in case he finds some viable way to properly amend that he concededly lacks at the present time. But he has no case law in support of such a dubious proposition. Whether a claim is capable of repair via amendment is tested in the present tense.

      The Court should dismiss MacRae's claims against the Sister Facilities with prejudice.

      Again, other plaintiffs may later decide to bring their own actions against the Sister Facilities, and they may or may not be brought into this case in the proper procedural context. But no reason exists to prejudice these entities *now* by leaving them in limbo as to their status in *MacRae's* litigation. *MacRae's* claims against the Sister Facilities should be dismissed with prejudice.

### C. MacRae Does not Address Defendants' Argument that Irrelevant Allegations Should Be Stricken.

MacRae does not argue that his lengthy and complex alter ego allegations are relevant to *his* claims or that they should not be stricken. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993), rev'd on other grounds in 510 U.S. 517 (holding that district court properly struck seven pages of allegations that could not form the basis of plaintiff's claims as a matter of law and that would cause "serious risks of prejudice [], delay, and confusion of the issues.") Without opposition, these allegations only cause confusion of the issues and should be stricken as irrelevant. Indeed, alter ego allegations would be irrelevant even if other plaintiffs are, after applying the proper procedural standards, brought into the case, because that would obviate the need for any alter ego theory of liability.

## III. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the motion to dismiss and/or strike without leave to amend.

Dated: December 4, 2017

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Brad W. Seiling
Brad W. Seiling
*Attorneys for Defendants*

319502185.3